FREEMAN v SECRETARY OF STATE

Docket No. 68773. Submitted November 9, 1983, at Lansing.—Decided
  February 8, 1984. Leave to appeal applied for.

Gene Freeman died as a result of injuries received when he was
  crushed between a parked truck and an automobile driven by
  Eric Laur. Roberta Freeman, as administratrix of the estate of
  Gene Freeman, brought an action in the Court of Claims
  against the Secretary of State, alleging that the defendant had
  negligently issued a motor vehicle operator's license to Laur.
  Defendant moved for summary judgment on the basis that
  plaintiff had failed to state a cause of action which would avoid
  the defendant's statutory immunity from tort liability. The
  court, Norman A. Baguley, J., granted defendant's motion for
  summary judgment. Plaintiff appeals. *Held:*

    1. A state agency is immune from tort liability where the act
  giving rise to the tort claim is in the discharge of a governmen-
  tal function.

    2. Plaintiff, in order to state an actionable tort claim, had the
  burden of pleading in her complaint facts that would avoid the
  defendant's defense of governmental immunity.

    3. Whether judged by the "essence of governing" test or the
  "common good of all" test, the issuance of a motor vehicle
  operator's license by the Secretary of State is a governmental
  function within the meaning of the governmental immunity
  statute. Plaintiff's allegation in her complaint that defendant
  breached his duty of due care by the act of licensing Laur fails
  to establish a basis to avoid the application of the statutorily
  mandated immunity from tort liability arising out of a govern-
  mental function.

    4. Plaintiff's claim that there was a breach by defendant of
  the duty to properly administer Laur's licensing test and that
  such testing is not a governmental function within the meaning

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310,
    311.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 42.
  State's immunity from tort liability as dependent on governmental
    or proprietary nature of function. 40 ALR2d 927.

of the immunity statute is irrelevant to the issue presented in this appeal, since plaintiff's complaint did not contain those allegations.

Affirmed.

1. PLEADING — GOVERNMENTAL IMMUNITY — AVOIDANCE OF IMMU-
NITY.

A plaintiff's complaint must plead facts in avoidance of governmental immunity from tort liability in order to state an actionable claim in tort against the government.

2. LICENSES — AUTOMOBILES — MOTOR VEHICLE OPERATOR'S LICENSES
— GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The issuance of a motor vehicle operator's license by the Secretary of State, being of the essence of governing and for the common good of all, is a governmental function within the meaning of the governmental immunity statute; accordingly, a tort action based upon a claim that the Secretary of State breached his duty of care in the issuance of an operator's license fails to state a claim upon which relief can be granted (MCL 691.1407; MSA 3.996[107]).

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for defendant.

Before: HOOD, P.J., and R. B. BURNS and R. M. SHUSTER,* JJ.

PER CURIAM. Plaintiff appeals as of right from the December, 1982, order of the Court of Claims granting defendant's motion for summary judgment.

On July 16, 1979, plaintiff's decedent was crushed between a truck parked on a roadside and a car driven by Eric Laur. Plaintiff filed this action alleging that the defendant negligently issued a driver's license to Mr. Laur. Defendant moved for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment arguing that plaintiff failed to state a claim that avoided defendant's statutory immunity from tort liability. MCL 691.1407; MSA 3.996(107). The trial court agreed and granted the motion.

The governmental immunity statute provides immunity from tort liability to governmental agencies when the action complained of is in the discharge of a governmental function. A plaintiff who complains that a state agency was negligent must plead facts that avoid immunity in order to state an actionable claim. *McCann v Michigan*, 398 Mich 65, 77; 247 NW2d 521 (1976).

Defendant argued successfully below that the act of issuing drivers' licenses is a discharge of a governmental function. Plaintiff claims otherwise in this appeal.

The Legislature did not define "governmental function" by statute. The Supreme Court has not yet reached majority consensus on a definition of that phrase. See *Parker v Highland Park*, 404 Mich 183; 273 NW2d 413 (1978), and *Ross v Consumers Power Co*, 415 Mich 1; 327 NW2d 293 (1982), *reh gtd* 417 Mich 1113 (1983). Instead, three justices adhered to a *sui generis* definition: actions that are of the essence of governing are governmental functions. Three other justices stated that acts done for the "common good of all" were governmental functions. Justice Moody modified the essence of governing test and stated the question is whether the activity complained of, either due to its character or governmental mandate, can be effectively accomplished only by the government. *Parker, supra,* p 200.

We find that the defendant's issuance of drivers' licenses is a governmental function within the meaning of all the above definitions of the term

"governmental function". The Michigan Vehicle Code provides that a person may not drive upon state highways without an appropriate operator's license, MCL 257.301; MSA 9.2001. The defendant is the exclusive state agency with the authority to issue drivers' licenses. MCL 257.202; MSA 9.1902. No similar entity in the private sector may issue drivers' licenses. Thus, the regulation of motor vehicle operators, of which licensing is a fundamental part, is an activity that is of the essence of governing. Furthermore, we find that defendant's responsibility to license drivers is carried out for the "common good of all".

However, plaintiff argued below and again in this appeal that this Court's opinion in *Keenan v Secretary of State,* 103 Mich App 82; 302 NW2d 602 (1981), is dispositive. In that case this Court held that the administration of drivers' examinations prior to licensing was not a governmental function because the state could delegate such administrative or testing functions to private agencies. *Keenan,* p 88.

*Keenan* is not dispositive in this case. Plaintiff's complaint does not allege that defendant breached his duty to properly administer Mr. Laur's driver's license test. Rather, plaintiff only alleges that defendant breached his duty of due care by the act of licensing Mr. Laur. In granting this GCR 1963, 117.2(1) motion, the lower court properly noted this distinction.

Nevertheless, in her brief on appeal plaintiff argues that it is highly probable that defendant's field officer responsible for administering Mr. Laur's driver's license test sometime prior to the accident failed to exercise due care in the administration of the test. To support this speculation plaintiff states facts not alleged in her complaint

and arising from events occurring after the accident. These facts are irrelevant to our review of this motion for summary judgment for failure to state a claim. We do note that, despite her reliance on *Keenan,* plaintiff did not move to amend her complaint.

Affirmed.